267 A.2d 683.

JOAN A. D'AREZZO *vs.* LOUIS D'AREZZO.

JULY 21, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a petition for certiorari filed by a wife to review the action of the Family Court in reducing a support order contained in an interlocutory decree. We issued the writ and pursuant thereto the pertinent record has been certified to this court.

The parties were married on April 15, 1961. There were two children born of the marriage, Cheryl, age six, and Lori, age five. On May 21, 1968, petitioner filed a petition in the Family Court for relief without commencement of divorce proceedings together with a motion asking for temporary support and custody of the children pending a hearing on the merits of the petition. On June 10, 1968, a consent decree was entered whereby the wife was given custody of the children and exclusive use of the marital domicile. The husband agreed to pay the sum of $70 a week for support and maintenance of the wife and children. The decree specifically stated that the support order was without prejudice to the litigants' right to reopen the question of support. Since the time of the entry of the decree, the parties have returned to the Family Court numerous times either on the wife's motion to adjudge her husband in contempt for his failure to obey the court decrees or on his motions for a reduction in the amount of the support order. In August 1968, after a hearing on one of the husband's motions to modify, a decree was entered reducing the weekly support payment from $70 to $60. Later, in October 1968, respondent husband was adjudged to be in contempt of the August decree. In May 1969, the husband's motion to reduce the $60 support payment was denied.

The parties returned to Family Court on October 10,

1969. The husband was once again trying to lower the support payment. The wife was asking for counsel fees and that her husband be ordered to reinstate Blue Cross coverage for herself and the children. The trial justice ordered the husband to provide the requested Blue Cross protection and awarded the wife's counsel a fee of $300 payable in four months. The trial court also reduced the weekly payment due petitioner from $60 to $45. This reduction is the subject of the instant petition.

At the last hearing, the husband told the court that his expenses had increased since the last time he sought a reduction in the support order. He attributed the bulk of the increase to the fact that where he had previously lived with his parents and paid them $10 a week, the parents had sold their home and moved to Florida. The husband thereupon rented what the trial justice described as a "plush" apartment. The apartment rent was $120 a month. A new telephone was installed in the apartment at a cost to respondent of $7.50 each month. The husband went on to tell about other increases in the cost of his living. On cross-examination, it was made obvious that respondent, at the prior hearing on his motion to modify, had been less than honest with reference to the expenses he testified to on that occasion.

The law applicable to the husband's motion is well established in a long line of cases.[1] A decree fixing the amount to be paid for the support of a wife and/or children settles the rights of the parties until there has been a change of circumstances sufficient to warrant a modification of the

---

[1] See *Rock v. Rock*, 107 R. I. 172, 265 A.2d 640; *Robinson v. Robinson*, 99 R. I. 425, 208 A.2d 390; *Gordon v. Gordon*, 95 R. I. 299, 186 A.2d 732; *Spaziano v. Spaziano*, 94 R. I. 258, 179 A.2d 849; *Ricciardi v. Ricciardi*, 91 R. I. 455, 164 A.2d 855; *Getek v. Getek*, 81 R. I. 493, 104 A.2d 750; *Ciallella v. Ciallella*, 81 R. I. 320, 103 A.2d 77; *Hudson v. Hudson*, 80 R. I. 473, 98 A.2d 360; *Reynolds v. Reynolds*, 79 R. I. 163, 85 A.2d 565; *Moore v. Moore*, 53 R. I. 294, 166 A. 501.

order. Any decree which reduces an outstanding order for support should reflect a reasonable relationship between the reduced capacity to pay and the needs of those receiving the support. A husband who seeks modification of an outstanding order for support has the burden of proving by a fair preponderance of the evidence that, since the entry of the decree to be reviewed, a change of circumstances has occurred which warrants a reduction as to the amount of money to be paid for the benefit of those he is bound to support.

The trial justice found that the wife's needs were at least the same, if not greater than they were at the time of the entry of the decree under review. He also found that the husband was earning the same amount of money as he was when the decree ordering the $60 weekly support was entered. The respondent's salary is and was approximately $112 a week. While the trial justice found that the husband's living expenses had been increased by $6 a week, he failed to relate the husband's capacity to pay to the needs of his wife and children. Instead, in ordering a $15 reduction in weekly payments, he chose to ignore our established change of circumstances rule, and in fashioning a rule of his own for determining the whys and wherefores which will justify a modification of a support order he said:

> "What bothers me about this whole situation is that although I'm familiar with the rules as stated time and time again in this court room, — that the Supreme Court has said that in order for the moving party to prevail on a modification, that they must show that there has been a change in circumstances,—I'm not in thorough agreement, and I'm going to continue to rule as I have ruled in the past, unless some day the Supreme Court might undertake to either agree with me or overrule me—I really don't care which they do—but I don't think the right rule is [that] there has to be a change in circumstances when it's obvious

on the record, that a man is ordered to pay a certain amount of money and it's impossible for him to pay it."

Article X, sec. 1 of the Rhode Island constitution states that the judicial power of this state shall be vested in one Supreme Court and such inferior courts as the General Assembly may, from time to time, ordain and establish. Article XII, sec. 1 of the articles of amendment of our constitution declares that the Supreme Court shall have final reviewing and appellate jurisdiction upon all questions of law and equity. Article XII was adopted to make the Supreme Court primarily a court of appellate jurisdiction. The objective of art. XII was to make the Supreme Court the court of last resort, the embodiment of ultimate judicial power. *Higgins* v. *Tax Assessors,* 27 R. I. 401, 63 A. 34. The Family Court is a trial court which was established by the General Assembly in 1961.

Under our constitution it is the prerogative of this court to determine the law. The late Mr. Justice Jackson of the United States Supreme Court in an oft-quoted statement[2] said that courts of last resort are not final because they are infallible, but rather they are infallible only because they are final. A trial judge's critical view of a reviewing court's holding is understandable. The law is a profession in which every case represents a difference of opinion among men, and the tribunal which must ultimately resolve these differences is certain to please some and displease others. *State* v. *Eichler,* 248 Iowa 1267, 83 N.W.2d 576. However, an opinion declares the law and the law thus announced becomes a precedent which must be followed by any inferior court. *Steiner* v. *Simmons,* 35 Del.Ch. 83, 111 A.2d 574. This is so even though a trial judge may personally disagree with the wisdom or sound-

---

[2]*Brown* v. *Allen,* 344 U. S. 443 at 540, 73 S.Ct. 397 at 427, 97 L.Ed. 469 at 533.

ness of the established rule to be applied—otherwise there can be no stability in the law. If a prior decision of this court is to be disaffirmed, it shall be done either here or in the legislature.

The rule relative to a showing of change in circumstances before a support order may be modified is sound, and we see no reason for discarding it.

The petition for certiorari is granted, and that portion of the decree of October 28, 1969 ordering the $45 weekly support payment is quashed; the record certified to this court is ordered returned to the Family Court with our decision endorsed thereon.

*Eugene F. Toro,* for petitioner.

*Isidore Kirshenbaum,* for respondent.