271 A.2d 462.

VIOLA FEUTI *vs.* ALLESANDRO FEUTI.

DECEMBER 11, 1970.

PRESENT: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

6

PAOLINO, J. This cause is before us on the petitioner's appeal from a decree of the Family Court granting the respondent's motion to modify a decree ordering payments of alimony.

In January 1969 Viola Feuti filed a petition for divorce from Allesandro Feuti and a motion for temporary support for herself. On March 14, 1969, a justice of the Family Court heard the motion for temporary support and on March 28, 1969, a decree was entered ordering Allesandro to pay his wife $40 per week for her support. On April 23, 1969, the petition for divorce was heard and on May 2, 1969, a decree was entered granting the petitioner a divorce and ordering respondent to pay his wife the sum of $32.50 per week as alimony.

In February 1970, respondent filed a motion to modify the May 2, 1969 decree on the ground of change of circumstances. This motion, together with a motion by petitioner to adjudge respondent in contempt for failure to make the payments ordered, was heard on April 3, 1970. After the hearing the trial justice rendered a decision finding that there was a change of circumstances and granted the motion to modify. A decree based on his decision was entered on April 10, 1970. It contains a finding that there has been a change of circumstances and an order modifying the decree by reducing the payment for support to $15 per week. Additionally, it adjudges respondent in contempt and orders him to pay the arrearage at the rate of $5 per week. The petitioner thereupon filed the present appeal.

This appeal presents a very narrow issue. The petitioner contends in substance that in modifying the decree entered on May 2, 1969, the trial justice failed to comply with the standards which this court articulated in the recent case of *D'Arezzo* v. *D'Arezzo,* 107 R. I. 422 at 424-25, 267 A.2d 683 at 684, where we said:

> "The law applicable to the husband's motion is well established in a long line of cases. A decree fixing the amount to be paid for the support of a wife and/ or children settles the rights of the parties until there has been a change of circumstances sufficient to warrant a modification of the order. Any decree which reduces an outstanding order for support should reflect a reasonable relationship between the reduced capacity to pay and the needs of those receiving the support. A husband who seeks modification of an outstanding order for support has the burden of proving by a fair preponderance of the evidence that, since the entry of the decree to be reviewed, a change of circumstances has occurred which warrants a reduction as to the amount of money to be paid for the benefit of those he is bound to support."

We do not agree with petitioner's position. The trial justice found that there was a change of circumstances since the entry of the prior decree which warranted a modification thereof. He pointed out specifically that although during the year 1969 respondent had an earning capacity of $20 per week as a musician playing the organ, there was no evidence of any income earned as a musician for the first three months and three days of 1970. He found as a fact that respondent could not, on the income that he then had, comply with the existing order to pay $32.50 per week. The trial justice's order reducing the support payments reflects a reasonable relationship between the reduced capacity to pay and the needs of petitioner.

After examining the record we are convinced that the trial justice complied with the standards set forth in

*D'Arezzo, supra,* that the evidence supports his findings and that he neither overlooked nor misconceived material evidence. Therefore, we affirm his findings and the decree based thereon. *Rock* v. *Rock,* 107 R. I. 172, 265 A.2d 640.

We find no merit in petitioner's contention with regard to the $5 order. *Parenti* v. *Parenti,* 71 R. I. 18, 41 A.2d 313, is factually substantially different from the case at bar and is not applicable.

The petitioner's appeal is denied and dismissed; the decree appealed from is affirmed; and the cause is remanded to the Family Court for further proceedings.

Motion to reargue denied.

POWERS, J., did not participate.

*Alfred Factor,* for petitioner.

*John Quattrocchi, Jr.,* for respondent.