396 A.2d 942.

Susan McCann *vs.* Charles T. McCann.

JANUARY 25, 1979.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.  This is an appeal from a decree of the Family Court modifying child support and alimony orders contained in a final divorce decree. The former wife, Susan McCann (Susan), contends that the trial justice applied an incorrect standard when decreasing her former husband, Charles T. McCann's (Charles), support obligations. For the reasons stated herein, we agree.

The record discloses that a final divorce decree, entered on July 31, 1974, awarded custody of their minor child to Susan and required Charles to pay child support in the amount of $50 per week. The decree also obligated Charles to pay $25 per week in alimony.

Charles, however, failed to make timely payments. As a result Susan filed a petition in the Family Court to have

Charles adjudged in contempt. The trial justice found Charles in contempt and entered a decree ordering him to continue paying $75 per week, as well as an additional $5 weekly on the accumulated arrearage.

Notwithstanding this order, Charles continued to fall behind in his payments. In response, Susan brought another contempt action. After again being found in contempt, Charles filed a motion for modification of the divorce decree.

At the hearing on the motion, Charles presented evidence of his inability to meet the provision of the final decree, including evidence of his past and present income and expenses. Neither party presented evidence concerning the present needs of Susan or of the minor child. Based on this evidence, the trial justice suspended Charles' current obligations and ordered him to pay Susan $40 weekly towards the arrearage. This order was conditioned upon Charles' gross annual income remaining at its current level of $25,000. It is from the decree embodying this order that Susan appeals.

The primary issue before us is whether the trial justice applied the proper standard when granting the modification. Susan contends that the trial court erred in considering only Charles' ability to pay, without also taking into account her current needs and those of her minor child. Charles in turn argues that the burden of producing evidence of the minor child's needs rests solely with the mother and that her failure to meet this burden precludes her from raising the issue on appeal.

When reviewing modification decrees, we have consistently adhered to the majority view that "the rights of the parties are settled by the existing decree and cannot be altered unless the moving party by a fair preponderance of the evidence shows that subsequent to the entry of that decree a change of circumstances or conditions occurred." *Heatherton* v. *Heatherton*, 110 R.I. 144, 145, 290 A.2d 912, 913 (1972). *See also Peirson* v. *Peirson*, 119 R.I. 701, 704, 382 A.2d 823, 824 (1978). Consistent with this view, the moving

party must show that subsequent to the final decree, there has been a change in either the needs of the minor child or his own ability to meet those needs. *Id.* at 704, 382 A.2d at 824; *Heatherton* v. *Heatherton,* 110 R.I. at 146, 290 A.2d at 913-14. Once such a showing has been made, any resulting modification by the trial court must reflect a reasonable relationship between the current needs of the child and the father's present ability to pay. *Id.* at 146, 290 A.2d at 914; *D'Arezzo* v. *D'Arezzo,* 107 R.I. 422, 425, 267 A.2d 683, 684 (1970); *Spaziano* v. *Spaziano,* 94 R.I. 258, 261, 179 A.2d 849, 851 (1962). The modification order may not be based unilaterally upon either "the needs and welfare of the children or the capacity of the father to pay." *Id.*[1]

The trial justice in the present action failed to comply with these established rules of law, adopting instead his own standards for modifying a decree. The decision was based solely upon his opinion that the burden imposed by the prior decree was "too onerous" without considering the possible impact of the modification order upon the mother or child. The order therefore incorporated incorrect considerations.

Under no circumstances may a trial justice ignore our previous rulings. Subject to constitutional limitations, it is the prerogative of this court to determine the law. Once announced, our decisions become mandatory precedent for all other tribunals. The trial justice must follow controlling authority regardless of any personal disagreement. To do otherwise would foster instability in the law. *Corrado* v. *Providence Redevelopment Agency,* 117 R.I. 647, 655, 370 A.2d 226, 230 (1977); *D'Arezzo* v. *D'Arezzo,* 107 R.I. at 426, 267 A.2d at 685.

For the reasons stated above, the decree appealed from is

---

[1]The argument that Susan must come forward with evidence of the minor child's needs is of no moment. As noted previously, the moving party has the burden of producing all the evidence relating to changed circumstances. *Heatherton* v. *Heatherton,* 110 R.I. 144, 145, 290 A.2d 912, 913 (1972). *See also Hull* v. *Hull,* 120 R.I. 77, 79, 384 A.2d 1065, 1067 (1978). The record in the instant case shows that Charles has failed to meet this burden.

reversed, and the cause is remanded to the Family Court for further proceedings consistent with this opinion.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for appellant.

*Max Levin,* for appellee.