Alfred LANCELLOTTI

v.

Alma LANCELLOTTI.

No. 87–205–M.P.

Supreme Court of Rhode Island.

July 5, 1988.

————

Joseph E. Marran, Jr., Joseph E. Marran, Jr. Ltd., Pawtucket, for plaintiff.

Howard Lipsey, Linda J. Kushner, Lipsey & Skolnik, Ltd., Providence, for defendant.

## OPINION

SHEA, Justice.

This case is before the Supreme Court on the defendant's petition for the issuance of a writ of certiorari to review a Family Court decision issued on April 8, 1987. That decision denied the defendant's motion to adjudge the plaintiff in contempt for continuous failure to pay alimony. We quash the Family Court decision and remand.

A brief procedural review of this case is necessary. On April 11, 1978, plaintiff, Alfred Lancellotti (Alfred), filed for divorce from defendant, Alma Lancellotti (Alma). On November 10, 1978, a temporary support order was entered that provided that Alfred should pay all reasonable bills with respect to the marital domicile and pay Alma the sum of $100 per week. On October 26, 1981, the Decision Pending Entry of Final Judgment was entered. This interlocutory decree included a provision requiring Alfred to pay Alma $400 per week alimony. Alfred immediately appealed the decision to this court.

Over the next one and one-half years Alfred made repeated motions in the Family Court to modify the alimony awarded in the interlocutory decree. All his motions to modify were denied. Alfred was held in contempt of court on two separate occasions for failure to make alimony payments over this period of time.

On May 27, 1983, while the appeal of the interlocutory decree was still pending in this court, Alfred obtained an order from the Family Court suspending the November 10, 1978 temporary support order. Subsequently, in an opinion rendered on July 27, 1984, this court affirmed the $400 a week alimony award contained in the interlocutory decree. *Lancellotti v. Lancellotti*, 481 A.2d 7 (R.I. 1984).

Thereafter, on September 14, 1984, and again on January 21, 1986, Alma filed motions to hold Alfred in contempt for his failure to pay her any support since July 27, 1984, the date of our decision. The basis for her motions was that Alfred owed her $400 per week in alimony from the date of our opinion affirming the alimony award contained in the Decision Pending Entry of Final Judgment. Alfred replied that the May 27, 1983 decree issued by the Family Court that suspended the temporary support order relieved him of any further support and maintenance obligations regardless of our decision.

On February 14, 1986, and March 7, 1986, the Family Court heard the motions and found Alfred in contempt for failing to pay the $400 per week alimony from July 27, 1984, to February 14, 1986, totaling $33,200. Alfred was also found in contempt for failing to pay a counsel fee of $1,000 to Alma's attorney, which payment was previously ordered by the court. Alfred subsequently appealed this order to the Supreme Court by way of a petition for writ of certiorari and by appeal. He again argued that the May 27, 1983 order suspending the temporary support order superseded the $400 per week alimony order in the interlocutory decree that had been affirmed by this court. He maintained that the May 27, 1983 order remained in full force and effect until acted upon by the Family Court. This court rejected Alfred's argument. On May 1, 1986, the petition for writ of certiorari was denied. On December 12, 1986, we denied and dismissed the appeal and affirmed the Family Court order of March 7, 1986, finding Alfred in contempt.

On February 9, 1987, Alma filed a complaint in Family Court again to adjudge Alfred in contempt for his continuous refusal to pay any alimony. There was no testimony presented. Rather, both parties submitted memoranda to the court. Despite our prior rulings the trial judge, in a decision rendered April 8, 1987, denied the contempt motion against Alfred. He held that the May 27, 1983 order suspending the temporary support order was the outstanding order in the case until modified, annulled, or vacated by the Family Court.

Alma now argues that the trial judge erred in his ruling. She reasons that the May 27, 1983 order cannot take precedence over this court's affirmation of the alimony award contained in the interlocutory decree

and our affirmation of the March 7, 1986 Family Court order finding Alfred in contempt for failure to pay support.

Alfred claims that the trial judge was correct in denying the motion to hold him in contempt because the March 7, 1986 Family Court order was patently invalid.[1] He again argues as he did in his petition for writ of certiorari and on prior appeal that our 1984 decision affirming the $400 per week alimony award was void because of the May 27, 1983 order that suspended the initial temporary support order. He claims that since no appeal was taken from this order, it remains in effect until the Family Court acts upon it. Alfred's reasoning is wrong.

The May 27, 1983 order did not remain in effect beyond our 1984 decision affirming the $400 per week alimony award. We have previously held that "as a general rule temporary orders regarding support or alimony payments terminate with the entry of the interlocutory decree or the rendition of the final decree of divorce." *Silva v. Silva*, 122 R.I. 178, 181–82, 404 A.2d 829, 831 (1979). This rule would naturally apply as well to the May 27, 1983 order suspending the November 10, 1978 temporary support order. Therefore, as of July 27, 1984, the day this court affirmed the alimony award contained in the interlocutory decree, Alfred was required to start paying Alma $400 per week in alimony. No appeal need have been taken from the May 27, 1983 order because it automatically terminated upon the entry of our decision.

Consequently the Family Court decision rendered April 8, 1987, finding the May 27, 1983 order as the outstanding order in the case is clearly wrong. It is an axiomatic principle of our judicial system that a Supreme Court decision is binding upon all other tribunals. *Corrado v. Providence Redevelopment Agency*, 117 R.I. 647, 370 A.2d 226 (1977); *City of East Providence v. Shell Oil Co.*, 110 R.I. 138, 290 A.2d 915 (1972); *D'Arezzo v. D'Arezzo*, 107 R.I. 422, 267 A.2d 683 (1970). A trial justice may

1. Alfred relies on *Application to Adjudge Providence Journal Co. in Contempt*, 820 F.2d 1342 (1st Cir. 1986) to support his action of ignoring the Family Court order. Alfred's reliance on

not ignore our previous rulings. *McCann v. McCann*, 121 R.I. 173, 396 A.2d 942 (1979).

Our previous rulings on this matter are evidenced by our denial of Alfred's petition for writ of certiorari and our affirmation of the Family Court order finding Alfred in contempt. It was clear error for the Family Court judge to ignore these previous rulings and resurrect the May 27, 1983 order.

For the purpose of ending this litigation, which began over ten years ago, we shall now fashion a remedy pursuant to our supervisory and revisory power. *Cheetham v. Cheetham*, 121 R.I. 337, 397 A.2d 1331 (1979). It is an uncontroverted fact that Alfred has not made any alimony payments since July 27, 1984. We therefore remand the case and instruct the Family Court to order that Alfred pay, first, the arrearage and attorney's fees ordered by the Family Court judge on March 7, 1986. This amount is $33,200 for the arrearage from July 27, 1984, until February 14, 1986, plus interest set at the statutory rate and $1,500 attorney's fees; second, the unpaid support from February 15, 1986, until April 7, 1987, the date of the hearing denying the motion to hold Alfred in contempt for continuing failure to pay support. This amount is $23,600 plus interest set at the statutory rate.

In addition, we order Alfred to pay the unpaid alimony that has accrued since the date of the erroneous Family Court decision until the date of the remand. Alfred cannot benefit from, nor should Alma be penalized by, this patently invalid order.

The defendant's petition for writ of certiorari is granted, the April 8, 1987 Family Court decision is quashed, and the papers of the case are remanded to the Family Court with our decision endorsed thereon.

FAY, C.J., did not participate.

this case is misplaced. The holding of the case is limited to prior restraints on speech. It is therefore inapplicable to this situation.