Stephanie **DICKINSON**

v.

Patricia **KILLHEFFER.**

No. 88–409–Appeal.

Supreme Court of Rhode Island.

Jan. 17, 1990.

John J. Turano, Westerly, for plaintiff.

Gary D. Berkowitz, Pawtucket, for defendant.

## OPINION

KELLEHER, Justice.

This controversy comes before us, for a second time, on appeal from an order of the Superior Court issued on January 25, 1988. Because the facts are somewhat confusing, a brief review of what has occurred to date is necessary.

In late April of 1977 plaintiff, Stephanie Dickinson (Stephanie), filed a complaint against her sister, defendant, Patricia Killheffer (Patricia), requesting partition of property they owned as tenants in common. The property (referred to by the parties as the farm), located in Charlestown, Rhode Island, contained eight tracts of land, five rental properties, and the family homestead. A special master was appointed, and a report was filed by him in January of 1982.

The matter then came before a trial justice in the Superior Court following a motion to adopt and accept the report of the master. A decision was filed in September of 1982 in which the trial justice partially accepted and partially rejected the master's report. He rejected the recommendations of the master in respect to both the sale of a portion of the farm and the accounting between the parties. The trial justice determined that the property was susceptible of division by metes and bounds and therefore ordered that the property be divided into two parcels, with each party receiving one of the parcels. In passing upon the accounting between the two parties, the trial justice found that there had been no ouster of Stephanie by Patricia except in regard to one of the rental dwellings known as house No. 4. The trial justice ordered Patricia to account for the rental proceeds from house No. 4 acquired between June of 1977 and the present (September 14, 1982) and awarded a one-half share of the rental money to Stephanie. Then, in the decree of partition issued in December of 1982, the trial justice found that Patricia was entitled to $3,000 as payment of her executrix fee. He concluded the decree by stating that "[n]o interest should be charged on any amount due from either of the parties."

Both parties challenged various parts of the trial justice's conclusions, and appeals were brought before this court. *See Dickinson v. Killheffer*, 497 A.2d 307 (R.I. 1985). This court affirmed the actions of the trial justice and remanded the case for implementation of the judgment. *Id.* at 314.

Several years passed as various motions were filed. Then, in January of 1988, a different trial justice issued an order accepting Patricia's account, thereby effectively barring Stephanie from enjoying her one-half share of the rental income from house No. 4. The second trial justice then granted Stephanie's motion to quash an execution that was outstanding against her for the executrix fee owed to Patricia because the execution impermissibly called for the payment of interest. Both parties have taken an appeal from this order.

Stephanie contends that she is entitled to one-half of the rental income collected from house No. 4 as ordered by the trial justice in the first trial. In regard to the issue of interest, she argues that the decree of partition, issued in December of 1982, specifically barred the addition of interest and therefore should control. She challenges the authority of the second trial justice to alter, on remand, the decision of the first trial justice, arguing that the doctrine of res judicata bars such action.

Patricia, however, argues that a court is not required to enter an erroneous judgment merely because an earlier erroneous ruling would require it. She also contends that under G.L.1956 (1985 Reenactment) §§ 9–21–8 and 9–21–10,[1] the judgment she had for the executrix fee should have accrued interest automatically. We shall now address these contentions.

■ To begin with, this court has recently stated, "It is an axiomatic principle of our judicial system that a Supreme Court decision is binding upon all other tribunals. * * * A trial justice may not ignore our previous rulings." *Lancellotti v. Lancellotti*, 543 A.2d 680, 682 (R.I.1988).

In the first trial, the trial justice denied Patricia's claims for a setoff of preouster expenses including maintenance and management of house No. 4. He also specifically denied her claim for reimbursement for expenditures made on house No. 4. And, as stated earlier, he found that Stephanie was entitled to one-half of the rental money collected from house No. 4. This court affirmed his decision without altering any of these provisions. We stated that "in no instance was the trial justice clearly wrong in either his conclusions, his inferences, or his ultimate determinations." *Dickinson v. Killheffer*, 497 A.2d at 314.

Therefore, it is clear that the trial justice in the second trial had no power to alter the judgment as he did. As we stated in *McCann v. McCann*, 121 R.I. 173, 176, 396 A.2d 942, 944 (1979), "The trial justice must follow controlling authority regardless of any personal disagreement. To do otherwise would foster instability in the law."

The trial justice in the second trial did not implement the judgment of the first trial after this court had instructed him to do so. We therefore vacate the judgment of the second trial justice and remand the case for entry of the judgment specified in the decree of partition issued in the first trial.

---

1. General Laws 1956 (1985 Reenactment) § 9–21–8, entitled "Interest on judgment for money," provides,

"Every judgment for money shall draw interest at the rate of twelve per cent (12%) per annum to the time of its discharge."

Section 9–21–10, entitled "Interest in civil actions," provides in pertinent part,

"In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued which shall be included in the judgment entered therein. Post judgment interest shall be calculated at the rate of twelve percent (12%) per annum and accrue on both the principal amount of the judgment and the prejudgment interest entered therein. This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided."

It should be noted that at the time of the original decision in this case § 9–21–10 did not specifically provide for post judgment interest.

The sole issue left for consideration by this court is that of interest on the $3,000 judgment rendered in favor of Patricia at the conclusion of the first trial. As stated earlier, the decree of partition specifically stated, "No interest should be charged on any amount due from either of the parties." Therefore, we directly addressed this issue when this controversy was before us the first time. This court, in affirming that decision, agreed with the trial justice's determinations completely and made no alterations thereto. Thus it is clear that no interest is due on the $3,000 judgment.

For the reasons stated, the judgment appealed from is vacated and the case is remanded to the Superior Court for entry of a judgment in accordance with the decree of partition issued in the first trial.