**In re WARREN and Breanna J.**

No. 94–525–A.

Supreme Court of Rhode Island.

April 5, 1995.

Frank P. Iacono, Jr. (CASA), Anthony J. Angeli, Jr. (DCYF), Providence, for plaintiff.

William J. Connell, Warren, Milan Azar, Warwick, for defendants.

OPINION

PER CURIAM.

This case came before the court for oral argument February 20, 1995, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by these appeals should not be summarily decided. After hearing the oral arguments and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeals should be summarily decided. We affirm the judgment of the Family Court terminating the parental rights of the biological parents. The facts insofar as pertinent to these appeals are as follows.

█ The biological parents of the minor children have appealed from a Family Court judgment terminating their parental rights in the two minor children who are the subject of their appeals. At the present time Warren is approximately five and one-half years of age and Breanna is almost four and one-half. For a great portion of their lives, these children have been in the custody of the Department of Children, Youth and Families

(DCYF) and are presently in pre-adoptive foster care.

In November 1989 a child-protective investigator for the state determined that the mother had left her infant son, Warren, with the child's father without food or means of sustenance. The mother admitted having done so, but claimed that the reason she left the home, leaving her son behind, was that the father beat her. Nevertheless, she resumed her relationship with the child's father later that same year. In February 1991 the mother again reported that she had been beaten by the child's father and that he had struck then sixteen-month-old Warren in the face with a strap. The father admitted having done so for disciplinary reasons.

After this incident a social worker for DCYF was assigned to the case of Warren and Breanna. In spite of the stormy relationship between the mother and the father of the children, they later married. During one home visit, when the social worker and a child-protective investigator found the children with the father, they were clad in dirty diapers and were on a urine-soaked mattress on the floor. Taking custody of the children, DCYF thereafter developed numerous case plans to reunite the biological parents and their children. Neither the father nor the mother significantly cooperated with DCYF and its representatives over a considerable period. The father was abusive. The mother declined to protect the children against the father. Further, the mother had a substance-abuse problem and failed to get treatment necessary to help cure her of her problem.

The father was repeatedly defaulted in respect to petitions for abuse and neglect. The defaults were removed, and he was nevertheless found guilty of abuse and neglect. The mother was defaulted in respect to the petition for termination of parental rights. That default was removed, and a lengthy trial ensued. The trial justice heard extensive testimony from social workers and other expert witnesses. She carefully considered all the evidence regarding the efforts by DCYF to reunify the family. She considered the abusive relationship between the mother and the father and determined that it was improbable that the children could be reunified with either their mother or their father in the foreseeable future. The evidence in the case was overwhelming that both parents were unfit to give the care and the nurture that these young children required.

We have considered the numerous issues that both parents have raised in support of their appeals and find that they are without merit. The trial justice did not overlook or misconceive any material or relevant evidence. Complaints that she failed to grant a continuance to the father or dismiss the petition because it was not decided within the 180-day period prescribed by the statute were matters upon which the trial justice exercised sound judgment and exercised reasonable discretion. The trial justice made the necessary findings of fact to support the determination of parental unfitness. *See In re Kristina L.*, 520 A.2d 574, 580 (R.I.1987). Thereafter, she considered the best interests of the children which inevitably led to the determination that the abusive parental relationship should be terminated and the children given an opportunity to receive the nurture and the care to which they were entitled and which would be given to them by a loving adoptive family.

■ The trial justice's denial of the mother's posttrial motion for reconsideration and/or relief from judgment was proper. It is essential that litigation in termination proceedings have finite limits and is not to be reopened indefinitely on the basis of the relitigation of issues already decided or on the basis of further ineffective attempts to improve the mother's parenting abilities. A motion for new trial in a case tried by a justice of the Family Court without a jury is to be granted only in the most extraordinary circumstances or when there is newly discovered evidence not previously known or discoverable in the exercise of reasonable diligence that is of sufficient importance to warrant a new trial of the action. *See, e.g., Tillson v. Feingold*, 490 A.2d 64, 66 (R.I. 1985); *Town of Glocester v. Lucy Corp.*, 422 A.2d 918, 919 (R.I.1980); *Corrado v. Providence Redevelopment Agency*, 117 R.I. 647, 659, 370 A.2d 226, 232, *cert. denied*, 434 U.S. 807, 98 S.Ct. 37, 54 L.Ed.2d 64 (1977); *Col-*

*vin v. Goldenberg,* 108 R.I. 198, 208, 273 A.2d 663, 669 (1971).

■ The trial justice in the case at bar made factual findings that are entitled to deferential review by this court; such findings are not to be disturbed unless the trial justice was clearly wrong or overlooked or misconceived material evidence. *Ocean Road Partners v. State,* 612 A.2d 1107, 1111 (R.I.1992); *Jackvony v. Poncelet,* 584 A.2d 1112, 1114 (R.I.1991). In the case at bar the evidence in support of the trial justice's factual findings was both substantial and persuasive.

For the reasons stated, the appeals of the biological mother and father are denied and dismissed. The judgment of the Family Court terminating the parental relationship is hereby affirmed. The papers in the case may be remanded to the Family Court.