Louis BOWEN

v.

CITY OF CRANSTON et al.

No. 96–334–Appeal.

Supreme Court of Rhode Island.

Feb. 19, 1997.

Harry J. Hoopis, Warwick, for Plaintiff.

Francis X. Flaherty, Warwick, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG and BOURCIER, JJ.

## OPINION

PER CURIAM.

This case came before a panel of the Supreme Court for oral argument on December 17, 1996, pursuant to an order directing the parties to show cause why this appeal should not be summarily decided. The defendant has appealed from an order of the Superior Court granting the plaintiff's motion for a new trial.

After hearing arguments of counsel and reviewing their memoranda submitted pursuant to that order, we conclude that cause has not been shown and the appeal will be decided at this time.

The plaintiff, Louis Bowen, is a former member of the Fire Department of the City of Cranston having been involuntarily retired therefrom pursuant to the City Code of Ordinances. He filed a civil action in the Superior Court against the city of Cranston (city), alleging violations of G.L.1956 § 45–19–1 and the Cranston City Code, chapter 10, section 1012. The case was tried before a jury and resulted in a verdict being returned in favor of the defendant city. After the return of the jury's verdict, the trial justice granted a reserved plaintiff's motion for a directed verdict.[1] The defendant city appealed, and on April 12, 1996, this Supreme Court entered an order in which we sustained the city's appeal, vacated the judgment entered by the trial justice, and remanded the case to the Superior Court "with directions to reinstate the verdict of the jury and for such further proceedings as may be consistent with this order."

Our direction to the Superior Court was both clear and explicit. Pursuant to that direction and Rule 58(c) of the Superior Court Rules of Civil Procedure, the clerk of that court was required to enter final judgment in accordance with our order. That action was done, and thereafter plaintiff filed a motion for new trial on the basis of what he called newly discovered evidence. That alleged newly discovered evidence was in reality a medical report that the trial justice in the course of the jury trial had refused to admit into evidence because of an objection to its admissibility made by plaintiff's counsel. We later determined that the trial justice's ruling was erroneous. Apparently piqued by our order, the trial justice took up plaintiff's motion for new trial and said that "because I've made an error of law as told to me by our Supreme Court," a new trial would be granted. Unfortunately, the trial justice compounded his route of error by adding another. The newly discovered evidence he relied upon was not newly discovered.

In order to be considered newly discovered evidence, the evidence presented to a trial justice on a new trial motion must "not [have been] previously known or discoverable in the exercise of reasonable diligence." *In re Warren*, 657 A.2d 159, 160 (R.I.1995). *See also Gray v. Stillman White Co.*, 522 A.2d 737 (R.I.1987). Since the evidence that was the basis for the new trial motion was known to the parties at the time of the trial and, in fact, since an attempt was made to introduce it at trial, it was not newly discovered and could not have been the basis for granting a new trial motion.

In addition, the trial justice was required to comply with our previous order. In that order we directed him to reinstate the jury's verdict in favor of the city, thereby terminating the case in favor of the city, and to take only such further action as would be *consistent* with our order. In *Dickinson v. Killheffer*, 568 A.2d 772 (R.I.1990), we held that "[i]t is an axiomatic principle of our judicial system that a Supreme Court decision is binding upon all other tribunals. * * * A trial justice may not ignore our previous rulings." *Id.* at 774 (quoting *Lancellotti v. Lancellotti*, 543 A.2d 680, 682 (R.I. 1988)). *Dickinson* involved a situation wherein the parties appealed from a ruling by a trial justice. We affirmed the trial justice's ruling and remanded the case for implementation of the judgment entered following that ruling. Some years later, howev-

---

**1.** Motions for directed verdict are now designated as motions for judgment as a matter of law. Super.R.Civ.P. 50 effective September 5, 1995.

er, a second trial justice essentially reversed the first trial justice, whose action we had previously affirmed. In concluding that the second trial justice had no authority to disregard our earlier pronouncement, we said that "[t]he trial justice must follow controlling authority regardless of any personal disagreement. To do otherwise would foster instability in the law." *Id.* (quoting *McCann v. McCann*, 121 R.I. 173, 176, 396 A.2d 942, 944 (1979)). Furthermore, as we said in *McCann*, "under no circumstances may a trial justice ignore our previous rulings. Subject to constitutional limitations, it is the prerogative of this court to determine the law. Once announced, our decisions become mandatory precedent for all other tribunals." *Id.* Accordingly, the trial justice's consideration of and his decision on the plaintiff's postappeal motion for new trial on the ground of newly discovered evidence was inconsistent with our earlier direction to him and constituted error.

For all the foregoing reasons, the defendant's appeal is sustained. The order appealed from is vacated, and the papers in this case are remanded to the Superior Court with direction to enter judgment in favor of the defendant city.

FLANDERS, J., did not participate.