DECISION
Before this Court is the State's Motion for Relief from Judgment pursuant to the Rules of Civil Procedure 60 (b). The State seeks relief from a judgment entered in favor of the defendant, Jacques Gautier, in a probation violation hearing. The State bases its motion on newly discovered evidence which it claims, by due diligence, could not have been discovered prior to the completion of the violation hearing.
 FACTS/TRAVEL
On July 21, 1998, Mr. Gautier entered pleas of nolo contendere to charges of delivery of cocaine and conspiracy to deliver cocaine. He was sentenced on each count to ten years, 21 days to serve, with the remainder of the term suspended and a probationary period imposed.
On October 6, 1998, the Providence Police arrested Mr. Gautier, charging him with the murder of Geoffrey Indellicati. The next day, Mr. Gautier was presented as a violator of his probation under Rule 32 (f). The combination bail/violation hearing was scheduled for October 22, 1998 and was thereafter continued and rescheduled until November 12, 1998. On that day, the defendant's estranged wife, Minerva Gautier, testified for the State. The essence of Mrs. Gautier's testimony accused Mr. Gautier of independently planning and executing Mr. Indellicatis murder by stabbing him 68 times. After her testimony, the hearing was twice more continued until November 20, 1998, when Chief Medical Examiner, Dr. Laposata, testified for the State, as did two witnesses for the defense. Notably, Dr. Laposata testified as to her belief that two distinct knives inflicted the wounds on Mr. Indellicati, which significantly contradicted the testimony of Minerva Gautier.
This Court found the testimony of the State's sole eyewitness, Minerva Gautier, to be not believable, and accordingly, the Court found Mr. Gautier was not a violator of probation. The instant motion is grounded on the sworn testimony of Wilfred Dumont, an inmate who claims knowledge of the events surrounding the murder of Mr. Indellicati.
 The Rule 60 (b) Motion
The State first argues that the Rule 60 (b) motion is properly before the Court.[1] A probation violation hearing is civil in nature; thus, the State maintains that the Rules of Civil Procedure will govern the proceedings. Alternatively, Mr. Gautier contends that the Rules of Civil Procedure do not apply. He further argues that applying them in this case would effectively overrule the Rhode Island Supreme Court's decision inState v. Chase, 588 A.2d 120, 122, (R.I. 1991) (a finding of non violation at a probation-revocation hearing precludes the State from relitigating the issue of the defendants guilt or innocence for the criminal offense).
 Newly Discovered Evidence
The State seeks to reopen the hearing because it maintains it has evidence, which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b). Specifically, the State wishes the Court to reopen the hearing in order to hear the testimony of Mr. Dumont, an individual claiming to have knowledge from Mr. Gautier himself regarding the murder of Mr. Indellicati. According to Mr. Gautier, the evidence was not "newly discovered." Thus, it could have been produced at the first hearing, and it cannot be a basis for a Rule 60 (b) motion.
In order to serve as the basis for a new trial motion, "newly discovered" evidence must satisfy the threshold test: "(1) the evidence must actually be newly discovered since trial, (2) the [movant] must have been diligent in attempting to discover the evidence for use at the original trial, (3) the evidence must not be merely cumulative or impeaching but must be material to the issue, and (4) the evidence must be of a kind that would probably change the verdict at a new trial." State v. Evans, No. 95-709-CA, Slip. Op. at 12 (R.I., filed February 1, 1998) (citing State v.Vendetti, 655 A.2d 686, 687 (R.I. 1997)).
Clearly, the evidence now proffered by the State is not "newly discovered." Mr. Dumont's testimony was neither discovered "since trial," nor was it the type that could not have been discovered in the exercise of due diligence for use at the first hearing. The State first became aware of Mr. Dumont on November 6, 1998, six days before Mrs. Gautier testified at the commencement of the hearing. Mr. Dumont, who was incarcerated at the time, wrote a letter to the prosecuting attorney, indicating that he had information regarding Mr. Indellicati's murder. As Mr. Dumont's public defender had a conflict, he moved to withdraw, and private counsel was appointed on November 13, 1998, seven days before conclusion of the proceedings on November 20, 1998. The prosecuting attorney asked Mr. Dumont if he wished to have counsel present during his interview. On November 20, 1998, a few hours after this Court determined Mr. Gautier was not a violator, Mr. Dumont indicated he would like his attorney present, and the subsequent interview occurred on November 25, 1998.
Said evidence was not discovered "since trial." See Bowen v.City of Cranston, 689 A.2d 405, 406 (R.I. 1997) (a medical report which was incorrectly ruled inadmissible at trial is not "newly discovered" evidence since it was known to the parties at the time of trial); Levy v. Equitable Fire Marine InsuranceCompany, 146 A.2d 231, 234 (R.I. 1958) (allegations in the affidavit were not "newly discovered"; the affiant was present during the trial and could have testified to all the information contained in the affidavit). The State suggests that it did not know the substance of the evidence until the prosecution interviewed Mr. Dumont five days after the hearing concluded. Mr. Dumont was an inmate incarcerated at the same time as was Mr. Gautier. It is unfathomable to this Court that the capable prosecuting attorney could not make an educated guess as to the nature and materiality of Mr. Dumont's testimony.
While this Court agrees with the State that Mr. Dumont might have been a "deceitful and opportunistic" inmate willing to fabricate a story for his own purposes, this does not excuse the prosecution from exercising due diligence in investigating the evidence for use at the original hearing. It strains credulity that the State could not have scheduled an interview a few days earlier. It is even harder to believe that the State would think it frivolous to move for a continuance on this basis. The Court finds that the prosecution, with reasonable diligence, could have discovered the evidence for use at the original hearing. SeeMedeiros v. RIPTA, 712 A.2d 869, 870 (R.I. 1998) (evidence of the color of the car was not "newly discovered" because it came from family members of the decedent and could easily have been discovered prior to the trial); N.E. Elec. Co. v. AmericanCapital Corp., 492 A.2d 829, 831 (R.I. 1985) (documentary evidence was not "newly discovered"; the movant admitted that he knew about it all along and that he always had access to the location where it was found).
The State has failed to heed the warnings in Chase.[2] The State brought its violation hearing prematurely; a tactical decision perhaps reflecting poor judgment as to the strength of its case without Mr. Dumont's testimony. The prosecution had ample opportunity before and during the hearing to call this Court's attention to the discovery of Mr. Dumont's testimony, yet refrained. This Court refuses to let the State do so now.
Accordingly, the Motion to Reopen is denied.
[1] Under R.C.P. 60 (b), "On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (b)."
[2] The Court cautioned the State "to initiate future probation-revocation proceedings with more concern for judicial economy. The State should not use a probation-revocation hearing as a proving ground for its substantive case." Chase, 588 A.2d at 123.