DECISION
In this case, as in the Heroux case, the hierarchy defendants, joined here by the perpetrator defendant, have moved for summary judgment in their favor on the ground that the respective limitation periods have run against the plaintiff's claims as a matter of law. The Court has ordered that this motion, like the one in Heroux, be treated as a motion for partial summary judgment on the question as to whether or not the tolling provisions of § 9-1-19 relating to unsound mind apply to this plaintiff's claim.
This plaintiff alleges that he was sexually molested by the perpetrator defendant on at least two occasions in 1970 when he would have been 13 or 14 years of age. He commenced this action in 1993, some 15 or 16 years after he attained the age of majority on April 4, 1977. He claims that he had no memory of the sexual abuse until they "started to come back" in July of 1992. It is undisputed that the plaintiff was at all material times fully mentally competent to manage his affairs, although his memory of abuse came back to him while he was undergoing therapy for alcohol abuse and rage, with diagnoses of post-traumatic stress disorder, anxiety disorder, bipolar disorder and major depression.
The defendants cite impressive pertinent authority from the United States Courts in this District and appellate Circuit that temporary partial traumatically-induced amnesia is not a condition included in the meaning of unsound mind in § 9-1-19. This Court has independently concluded that anything less than a mental condition which totally precludes the plaintiff from bringing any claim to court, not only the particular claim asserted in this case, will not satisfy the tolling provisions of the section in cases, which do not involve traumatic, temporary partial amnesia, or "repressed memory," as it is sometimes called.
The Court recognizes the weighty authority marshalled by the defendants from other jurisdictions which do not permit limitation periods to be tolled by a plaintiff's repressed memory where the plaintiff was mentally competent to manage his or her ordinary daily affairs.
Nonetheless, this Court, unlike the Courts of the United States is subject to the general supervisory jurisdiction of the Supreme Court. This Court may not disregard the law established in an opinion of that court. D'Arezzo v. D'Arezzo, 107 R.I. 422, 426, 267 A.2d 404, 406 (1975). The answer of the Supreme Court to a certified question from this Court is binding, not merely advisory, as may be the case for a Court of the United States when the Supreme Court answers a question certified to it pursuant to Rule 6 of Article I of its Rules.
After careful and prolonged study of the Supreme Court's answer to question 3 of the questions certified to it by this Court in Kelly v. Marcantonio, 678 A.2d 873 (R.I. 1996), this Court has concluded that, when a plaintiff makes a claim that a pertinent limitation period has been tolled because of repressed memory, an evidentiary hearing is required and is not discretionary, if the plaintiff makes a showing (1) that there is some evidence, usually his or her own testimony, of amnesia of the alleged tortious events, and (2) that the plaintiff's amnesia was relieved within the limitation period prior to commencing the action in question.
What is inescapable to this Court is the conclusion of the Supreme Court reported at pages 883-84 of 678 A.2d:
 "In answer to the certified questions, this court respectfully responds that * * * (3) repressed recollection could qualify as a disability pursuant to § 9-1-19 if the trial justice determines that the evidence is sufficiently reliable, under Wheeler, to qualify as unsound mind, and the evidence establishes the existence of repressed recollections; * * * "
When the Supreme Court tells this Court it must do something, it would be presumptuous, if not injudicious, for this Court not to do what it is told it must do.
The parties have focussed their arguments on part III of the Opinion of the Supreme Court in Kelly v. Marcantonio, supra, where that court analyzes, propounds and expands its answer to question three.
 "The third question, succinctly put, asks whether repressed recollection of past sexual abuse could qualify as a tolling feature encompassed within the `unsound mind factor in § 9-1-19. We respond initially in the affirmative. The final determination of that question, however, actually rests with the trial justice who, in the first instance, must determine, after pretrial hearing or at trial, whether repressed recollection is included within the tolling condition of `unsound mind' in a particular case. That is a question of law determination to be made by the trial justice. A trial justice, after hearing and considering expert medical and scientific evidence and opinion will, in the first instance, be in the best position to decide as a matter of law whether the alleged repressed recollection in a particular case is sufficiently relevant, reliable, and scientifically and/or medically established so as to constitute `unsound mind,' thereby tolling the action limitation period. We recognize that the theory or principle of repressed recollection is one that figures prominently in legal, scientific, and medical debate. In all those disciplines, we note advocates and dissenters, believers and nonbelievers." 678 A.2d, at 879. (Emphasis supplied).
This paragraph plainly mandates a trial court hearing. The next paragraph delineates what it is that the trial court must hear in order to determine the question of the soundness of the mind of a plaintiff who claims to have repressed all recollection of traumatic events.
The following paragraph then describes the four alternative determinations the trial court could reach after the hearing described in the previous paragraph. Only the second such possible determination would support the defendants' argument that the plaintiff's failure of recollection is not the mental unsoundness referred to in § 9-1-19. The one sentence on which that argument rests reads as follows:
 "The trial justice may also decide that repressed recollection although constituting a scientifically accepted and valid theory, does not in and of itself qualify as a tolling feature under § 9-1-19." 678 A.2d, at 880.
The sentence is unquestionably troubling. The Supreme Court was, of course, supremely qualified to have decided that question for itself in its response to question 3, as certified. Whether or not the matter had been briefed and argued the Supreme Court has demonstrated a more than passing acquaintance with the technical and legal literature which had addressed the subject by the time of its opinion. See also State v. Quattrocchi, 681 A.2d 879, 881-84 (R.I. 1996) (decided 20 days after Kelly v. Marcantonio). The sentence, itself, unlike at least two others in the paragraph, does not expressly state that the trial court may reach that conclusion only after the hearing described in the previous paragraph. The fourth alternative, that a particular plaintiff has not proved that his or her recollection has been repressed, plainly implies such a hearing when it provides, . . . "the trial justice might find that the theory of repressed recollection is scientifically valid . . . ." This Court concludes that the same implication of the requirement of a hearing arises in this sentence both from the context and the "although" clause in the sentence. How can the trial court know whether or not the theory of repressed recollection is scientifically valid in the absence of a hearing?
The final sentence of that part of the Supreme Court's Opinion makes it clear to this Court that a hearing is required to determine the validity of the repressed recollection theory:
 "If a trial justice, in a particular case determines that the evidence of repressed recollection is sufficiently valid and reliable under the standard expressed in Wheeler and that the particular evidence establishes the existence of unsound mind, then the particular claim alleging damages arising from the childhood sexual abuse concerned would not be time-barred by the statute of limitations until three years after the unsound mind disability ends and the repressed recollections are recovered, pursuant to § 9-1-19." 678 A.2d, at 880.
This decision does not in any way forecast a decision in a Kelly v. Marcantonio hearing, if the evidence before the Court should consist only of the affidavits, depositions and answers to interrogatories shown to the Court by the plaintiff. The burden is on the plaintiff to satisfy this Court by qualified expert testimony and evidence that the theory of repressed recollection is scientifically valid and applies to this plaintiff's claim of the benefit of the tolling feature of the unsound mind provision of § 9-1-19.
Accordingly, the defendants' motions for a partial summary judgment that repressed recollection does not constitute the form of unsound mind referred to in § 9-1-19 will be denied without prejudice to a renewal of the motion after a Kelly v. Marcantonio evidentiary hearing.