480

Saverio Ciccone *vs.* Frank Ciccone.

NOVEMBER 25, 1964.

Present: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

Condon, C. J.   This is an action of the case on a promissory note.   It was tried to a justice of the superior court, who rendered a decision for the plaintiff in the sum of $749.60 and costs for which judgment was thereafter duly entered.   Upon the defendant's failure to pay the judgment and the return of an execution thereon nulla bona, the plaintiff applied for supplementary proceedings under the statute, G. L. 1956, §9-28-3, requiring the judgment debtor to appear and show cause why an examination into his circumstances should not be made and a decree entered ordering him to pay the judgment in full or in weekly or monthly installments or otherwise.

Such examination was duly made before a justice of the superior court and at the conclusion thereof he entered an order requiring the judgment debtor to pay $40 forth-

with and weekly payments thereafter of $15 until the judgment debt was fully paid. The judgment creditor, being dissatisfied with the amounts in the order, duly excepted thereto and has brought the case here by his bill of exceptions containing such exception and an exception to an evidentiary ruling by the trial justice during the hearing.

At the hearing counsel for the judgment creditor examined the judgment debtor at length and developed that he was a carpenter earning $125 a week when working a forty-hour week; that his take-home pay was $106.14; that he had $94 in cash on his person; and that he was without any other assets. It also appeared that he had a wife and two children, and that he was without employment during the winter months at which time he relied on social security relief for support.

Counsel did not interrogate him further as to what portion of his income was necessary to support his family. However, over plaintiff's objection the trial justice asked: "How much are you able to pay on this judgment?" The trial justice overruled the objection and the debtor answered: "$10.00 a week * * *." The creditor excepted to such ruling. Under his exception he contends that this testimony was inadmissible for the reason that its tendency was to substitute the debtor's judgment for that of the court as to the extent of his financial ability to make payments on the judgment.

There is no merit in this exception. Under the language of §9-28-4 it was the duty of the trial justice to "make inquiry by examination of the judgment debtor * * * as to * * * his ability to pay said judgment * * *." While the inquiry here was admissible the trial justice was not bound by the debtor's answer but was free to determine from any other evidence before him what the debtor could reasonably pay. And in this instance he did just that by ordering the debtor to pay $15 weekly after making an initial payment

of $40 out of the cash on his person. This exception is overruled.

The judgment debtor although represented by counsel did not offer any affirmative evidence as to what his financial needs were for the support of himself and family but rested on the evidence developed in his examination by the judgment creditor's counsel. Under his second exception the creditor contends that because of this fact the debtor did not sustain the burden of proof incumbent upon him by the fair intendment of the statute and therefore the trial justice erred in entering the order he did.

We do not agree with this construction of the statute. In our opinion it imposes no such obligation on the debtor. He may in his own interest offer such evidence of his needs but if he does not do so he will have no just cause to complain if the order made by the trial justice at the conclusion of the hearing does not take into account the amount of his income reasonably necessary for the support of his family.

In the instant proceeding the judgment debtor was apparently content to rest his case on his examination by creditor's counsel and to abide by the decision of the trial justice based thereon. In the circumstances the creditor suffered no prejudice by the debtor's refraining from going forward with evidence in his own behalf. If the creditor was not satisfied with the posture of the evidence on this point he was free to press his inquiry further as to the debtor's reasonable financial needs for such support. If the evidentiary record upon which the trial justice was thus required to base his decision was left in a scanty not to say incomplete condition, it does not lie in the mouth of the creditor to charge the trial justice with error in deciding the issue before him as he did. In our opinion the situation presented by the record here is not analogous to that presented by the record in *Hillside Metal Products, Inc.* v.

*Rowland,* 79 R. I. 112, cited by the creditor in support of his exception.

The plaintiff's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Archibald B. Kenyon, Jr.,* for defendant.