296 A.2d 464.

BURRILLVILLE SCHOOL COMMITTEE *vs.* BURRILLVILLE
TEACHERS' ASSOCIATION.

NOVEMBER 6, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a petition for certiorari. It seeks review of a State Labor Relations Board (SLRB) decision ordering the Burrillville School Committee to execute a written contract embodying certain terms and conditions covering the employment of public school teachers in the town of Burrillville. Some of those terms were agreed to by the parties; others were decided by an arbitration board to which the issues not resolved at the bargaining table had been submitted in accordance with sec. 9 of the School Teachers' Arbitration Act. [G. L. 1956 (1968 Reenactment) ch. 9.3 of title 28].

At the outset the Burrillville Teachers' Association, agent for that town's certified public school teachers, ar-

gues that certiorari is not a proper vehicle for the review of this decision. It first advanced that objection in responding to the committee's motion for leave to file this petition. It was then overruled without prejudice to the association's right to renew at the hearing on the merits. *Burrillville School Comm.* v. *Burrillville Teachers Ass'n,* 110 R. I. 901, 289 A.2d 62 (1972).

The committee attempts to justify its resort to certiorari by asserting that it seeks the writ in order to review a decision in which the SLRB acted either without or in excess of its jurisdiction. That contention, while ordinarily sufficient to justify the issuance of the discretionary writ of certiorari, will not do, absent unusual hardship or exceptional circumstances, if another adequate and express remedy is available to correct the alleged errors. *Wilkinson* v. *Harrington,* 104 R. I. 224, 227, 243 A.2d 745, 747-48 (1968); *Hardman* v. *Personnel Appeal Board,* 100 R. I. 145, 151, 211 A.2d 660, 663 (1965); *Rogers* v. *Rogers,* 98 R. I. 263, 201 A.2d 140 (1964).

In this case the committee could have obtained judicial review of the challenged SLRB decision in the Superior Court. Whether the correct avenue for approaching that tribunal was via sec. 15 of the Administrative Procedures Act route [G. L. 1956 (1969 Reenactment) ch. 35 of title 42], or pursuant to some provision of the School Teachers' Arbitration Act, we do not decide. It is sufficient for the purposes of this case to decide only that the Superior Court was available, and that it was an effective forum in which the alleged jurisdictional error could have been corrected.

The committee argues, however, that the crowded calendar in the Superior Court would necessarily have resulted in delaying final adjudication of the question at issue until after the expiration date of the agreement it had been ordered to execute. The need for an expeditious disposition, it says, was the exceptional circumstance which in this in-

stance warranted the issuance of the writ. We reject this argument because it unjustifiably presumes that the Superior Court would have refused to give precedence on its trial calendar to a case involving the public interest which might be mooted unless promptly heard.

For the reasons indicated, the writ in this case having been improvidently issued is quashed, the petition for certiorari is denied and dismissed, and the records certified are ordered returned to the State Labor Relations Board with our decision endorsed thereon.

*Irving I. Zimmerman,* for petitioner.

*Natale L. Urso,* for respondent.