366 A.2d 809 (1976)
Robert MURPHY
v.
CHARLIE'S HOME IMPROVEMENT CO., INC., et al.
CONTRACTORS SERVICE, INC., et al.
v.
Frank GALLO et al.
Nos. 74-184-M. P., 75-325-M. P.
Supreme Court of Rhode Island.
December 14, 1976.
*810 Oster, Espo, Fay & Groff, Thomas F. Fay, George M. Prescott, Lincoln, for Robert Murphy.
Nugent & Nugent, J. Joseph Nugent, Jr., Providence, for Contractors Service, Inc. and others.
Gordon C. Mulligan, Warwick, for Donald Johnson.
Schecter, Abrams & Verri, Robert P. Verri, Providence, for Frank Gallo and others.

OPINION
BEVILACQUA, Chief Justice.
These two cases are before us pursuant to petitions for certiorari. In the first case, petitioner, Robert Murphy, seeks review of a District Court order denying a motion to vacate a default judgment, enlarge time for fling an answer, and recall the execution issued on the default judgment. The petitioners in the second case, Frank Gallo and Gal's Construction Company, seek review of the dismissal by a Superior Court justice of their appeal from a District Court order in supplementary proceedings. Since the primary issue raised in each case is the interpretation of G.L. 1956 (1969 Reenactment) § 9-12-10, as amended by P.L.1969, ch. 239, § 9, which provides for an appeal to the Superior Court from a judgment in all civil cases in a District Court, we ordered the two cases consolidated for hearing in this court. Contractors Service, Inc. v. Gallo, 115 R.I. 956, 350 A.2d 402-03 (1976).

I
Petition No. 74-184-M.P. The respondents in this case contend that certiorari is not a proper vehicle for the review of a District Court order denying a motion to vacate, since such order is subject to appeal pursuant to § 9-12-10. We agree. Since the denial of a motion to vacate judgment possesses all the attributes of finality, it is thus subject to appeal tinder this statute. Burns Elec. Supply Co. v. Westmoreland, R.I., 356 A.2d 479 (1976); 1 Kent, R.I.Civ.Prac. § 60.10 at 457 (1969). The petitioner did not appeal to the Superior Court, but instead petitioned this court for certiorari. His petition contained no allegation of unusual hardship or exceptional circumstances. Where no unusual hardship or exceptional circumstances are alleged, this court has traditionally refused to review by certiorari a case where direct appeal lies. Barletta v. Kilvert, 111 R.I. 485, 487, 304 A.2d 353, 354-55 (1973); Johnson v. Johnson, 111 R.I. 46, 49, 298 A.2d 795, 797 (1973); Burrillville School Comm. v. Burrillville Teachers' Ass'n, 110 R.I. 677, 678, 296 A.2d 464, 465 (1972). See Murphy v. Charlie's Home Improvement Co., 113 R.T. 948, 949, 326 A.2d 20, 21 (1974) (Joslin, J., dissenting). For the foregoing reasons, we hold that the writ of certiorari in this case was improvidently granted.

II
Petition No. 75-325-M.P. The petitioners in this case appealed to Superior Court from a District Court order in supplementary proceedings directing petitioners, judgment debtors, to make periodic payments on a judgment. The respondents moved for dismissal of the appeal and their motion was granted on December 3, 1975. The petitioners filed a petition for certiorari with this court on December 11, 1975, to review the dismissal of their appeal and the writ was issued.
*811 At the outset, there is a procedural question as to whether or not petitioners selected the proper vehicle for bringing their case before this court. It is well-settled that a petition for certiorari will not lie when another remedy is expressly provided for review of the alleged error. Cohen v. Superior Court, 39 R.I. 272, 275, 97 A. 794, 796 (1916). Such other remedy was available to petitioners by virtue of G.L.1956 (1969 Reenactment) § 9-24-1, as amended by P.L.1975, ch. 244, § 1. This statute provides, in pertinent part, that "[a]ny party aggrieved by a final judgment, decree, or order of the superior court may, within the time prescribed by applicable procedural rules, appeal to the supreme court." Rule 4(a) of the rules of this court provides that such appeal must be taken within 20 days of the date of the entry of the judgment, order or decree appealed from. Thus, the proper way for petitioners to obtain review of the Superior Court's dismissal of their appeal was by appealing that order to this court. However, since petitioners filed their petition for writ of certiorari within the 20-day time limit required for appeals, we will treat their petition as if it were a claim of appeal. Johnson v. Johnson, supra 111 R.I. at 49-50, 298 A.2d at 797.
Turning to the merits, the question presented is whether a District Court order in supplementary proceedings is appealable to the Superior Court pursuant to § 9-12-10. Section 9-12-10 provides in relevant part: "In all civil cases in the district court, any party may cause such case to be removed for trial on all questions of law and fact * * * by claiming an appeal from the judgment of the district court * * * within two (2) days * * * after the judgment is entered * * *." Dist.R.Civ.P. 54(a) defines a judgment as "the formal disposition of a claim by the court."
It is well-settled in Rhode Island that, as a general rule, only final judgments are appealable. D'Angelo v. Ventura, 72 R.I. 120, 48 A.2d 247 (1946); McAuslan v. McAuslan, 34 R.I. 462, 83 A. 837 (1912). The respondents appear to contend that since § 9-28-7 provides that the court "for cause shown" may "revise, modify or suspend a decree" made in supplementary proceedings, petitioner has a remedy short of appeal; as a result, such a decree is not a final judgment. The respondents further argue that an order in supplementary proceedings is not "the formal disposition of a claim by the court" as required by Dist.R.Civ.P. 54(a), since the order does not adjudicate a new claim but simply enforces a previously rendered judgment of the court.
We find respondents' arguments unpersuasive. An order in supplementary proceedings adjudicates a claim by the judgment creditor. Section 9-28-1, the statute authorizing supplementary proceedings, provides that "[a]ny judgment creditor * * * may by a civil action * * * reach and apply * * * any equitable estate, any equitable assets or any choses in action of the judgment debtor * * *." In effect, an order pursuant to such action adjudges the debtor able to pay and orders him to pay a specific amount, subject to the penalty of contempt for failure to comply. Sections 9-28-5 and 9-28-6.
In addition, the mere fact that such order is modifiable under § 9-28-7 does not deprive it of the requisite finality. Section 15-5-16 permits decrees for the support and custody of children to be modified, yet it is well-established that such decrees are sufficiently final to be appealable. Similarly, the fact that supplementary orders are modifiable does not mean that they are not appealable. In Goldman v. Adlman, 291 Mass. 492, 496, 197 N.E. 632, 635 (1935), the court, holding that plaintiff's remedy was to appeal an order in supplementary proceedings and that collateral attack was barred by res judicata, stated:
"Although [an order in supplementary proceedings] is subject to revision and *812 modification * * and therefore for some purposes may not be final (citation omitted) that power of revision relates largely if not exclusively to possible changes in the debtor's ability to pay. Retention of further jurisdiction to that end does not affect the finality of the judgment of the Municipal Court as to other matters involved."
Finally, it is clear that orders in supplementary proceedings are sufficiently final to be appealable, since such orders of the Superior Court have repeatedly been appealed to the Supreme Court. See Ciccone v. Ciccone, 98 R.I. 480, 204 A.2d 819 (1964); Morris Plan Co. v. Katz, 57 R.I. 495, 190 A. 455 (1937). Thus, we hold that an order in supplementary proceedings is appealable pursuant to § 9-12-10.
The writ in the first case having been improvidently issued is quashed, and the petition for certiorari is denied and dismissed.
The appeal in the second case is sustained, and the case is remanded to the Superior Court for further proceedings.