**Benjamin PLACIDO and Diane M. Maranhas**

v.

**Francis MELLO.**

**No. 83–91–Appeal.**

Supreme Court of Rhode Island.

May 24, 1985.

Ronald J. Resmini, Providence, for plaintiffs.

Susan Carl Donnelly, Carroll, McAteer and Carl, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This is a petition for certiorari wherein the plaintiffs in a civil action seek review of an order of the Superior Court transferring said action from the county of Kent to the county of Providence by reason of improper venue. The facts relating to this petition are undisputed and appear as of record.

Benjamin Placido and Diane M. Maranhas (plaintiffs) brought an action against Francis Mello (defendant) on September 29, 1980, in the Superior Court for the county of Kent for allegedly negligent operation of a motor vehicle resulting in injury to the driver, Placido, and the passenger, Maranhas. The defendant filed an answer and counterclaim on October 14, 1980, denying negligence and seeking recovery for property damage to his automobile allegedly arising out of the negligence of Placido. No claim of improper venue was raised either in the answer or by motion.

Rule 12(b) of the Superior Court Rules of Civil Procedure provides:

"Every defense, in law or fact, to a claim for relief in any pleading * * * shall be

asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (3) improper venue * * *."

Rule 12(h) provides that

"[a] party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply * * *."

Thereafter follow certain exceptions, including failure to state a claim upon which relief can be granted, failure to join an indispensable party, and lack of jurisdiction of the subject matter.

We have held that the foregoing exceptions do not extend to the defense of improper venue, which must be asserted either in a responsive pleading or by motion as provided for in Rule 12(b), and that consequently a party is deemed to have waived the defense of improper venue under the provisions of Rule 12(h) unless he has raised such defense by motion or by answer. *Mateer v. Mateer*, 105 R.I. 735, 254 A.2d 417 (1969). *See* 1 Kent, *R.I.Civ. Prac.* § 12.7 at 112–13 (1969).

■ Essentially, defendant recognizes the obligation to raise the issue under Rule 12(b) by answer or by motion but contends that since the complaint gave no notice of the residences of the parties, although it did provide notice of the location of the accident, there is no waiver of the defense of lack of venue. The short answer to this argument is that there is no requirement under the rules of pleading that facts necessary to establish venue should be included. Rule 8(a) of the Superior Court Rules of Civil Procedure requires only that the pleading "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief * * *."

The rules as adopted by the Superior Court set forth an appendix of forms that include a complaint for negligence denominated as form 9. These forms set forth the minimal facts required in order to state a claim upon which relief may be granted. An examination of form 9, a complaint for negligence, does not include the assertion of facts relating to venue. This form is expressly made sufficient by Rule 84. Rule 84 provides,

"[t]he forms contained in the appendix of forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."

Professor Kent suggests in his commentary that the forms are designed to disarm the argument that generality in pleading is a vice to be punished by dismissal and they indicate what degree of generality is contemplated. 1 Kent, § 84.1 at 558.

■ Essentially, the generality of pleading allowed by the Rules of Civil Procedure may be supplemented and expanded by allowable procedures of discovery, including the propounding of interrogatories. In the instant case interrogatories were propounded by defendant to plaintiffs on October 14, 1980. The interrogatories were answered by both plaintiffs on February 23, 1981. These answers included information concerning the addresses of both plaintiffs and clearly showed that plaintiff Maranhas was a resident of New Bedford, Massachusetts, and plaintiff Placido was a resident of East Providence, Rhode Island. This information was quite sufficient to support a challenge to venue under the provisions of G.L. 1956 (1969 Reenactment) § 9-4-3, as amended by P.L. 1969, ch. 239, § 7, which provides that actions other than those involving realty

"shall be brought in the court for the county * * * in which some one of the plaintiffs or defendants shall dwell, or in the superior court for the county * * * in which the defendant * * * shall be found * * *."

There is no question that defendant Francis Mello was a resident of the city of Providence and was not served with process in

the county of Kent. These latter facts would, of course, have been known to defendant from the commencement of the action.

Assuming, without deciding, that defendant had no knowledge of facts relating to venue until the receipt of answers to interrogatories, which were filed on February 23, 1981, we are constrained to conclude that there is no reason why a timely request to amend defendant's answer might not have been made within a reasonable time thereafter. However, defendant made no attempt to amend his pleadings and appeared in the Superior Court for the county of Kent on January 20, 1983 (nearly two years following the filing of the answers to interrogatories). The defendant raised the defense of improper venue for the first time, subsequent to the impaneling of a jury, on January 20, 1983. The trial justice, after hearing an oral motion, held the venue to be improper and ordered the case transferred to Providence County in lieu of dismissal.

■ We conclude that the raising of this defense nearly two years after the information became available to the defendant upon which to predicate a challenge to the propriety of the venue was untimely beyond question and a clear violation of the principles enunciated in *Mateer, supra.* As a consequence, the trial justice was in error in entertaining this untimely challenge to the propriety of the venue and in granting relief to the defendant by transfer to the county of Providence. At that stage of the proceeding the action should have continued in the county of Kent as though the venue was proper. 1 Kent, § 12.7 at 113.

For the reasons stated, the petition for certiorari is hereby granted. The order of the Superior Court transferring the case to the county of Providence is hereby quashed, and the papers in the case may be remanded to the Superior Court with directions to return the case to the county of Kent for trial on the merits.