**Robert F. PRIDEMORE et al.**

v.

**Stephen J. NAPOLITANO et al.**

**No. 95–630–Appeal.**

Supreme Court of Rhode Island.

Feb. 27, 1997.

Steven Aaron Robinson, Providence, for Plaintiff.

Richard D. Riendeau, David A. Salvatore, Providence, for Defendant.

## OPINION

PER CURIAM.

This case came before a panel of the Supreme Court on January 14, 1997, pursuant to an order that directed the plaintiff here, Steven P. Kazanjian,[1] and the defendants, Stephen T. Napolitano, in his capacity as treasurer of the city of Providence (city), and Thomas Blessington (Blessington), to show cause why this appeal should not be summarily decided. The defendants have appealed from a Superior Court order granting the plaintiff's motion for summary judgment.

After hearing the arguments of counsel and reviewing the memoranda filed by counsel for the parties, this Court concludes that cause has not been shown, and the case will be decided at this time.

It is undisputed that plaintiff suffered injuries while riding as a passenger in a car that was struck by a vehicle owned by the city and operated by its employee Blessington, a Providence police officer, who was on his way to work. A verdict in favor of plaintiff in the

**1.** This appeal concerned only plaintiff Steven P. Kazanjian's claim. According to the defendants' prebriefing statement, the claim of plaintiff Rob- ert F. Pridemore remains pending in District Court.

amount of $3,085 was obtained in District Court on November 3, 1993. At that point, a dispute arose concerning the imposition of prejudgment interest, and a separate hearing was held on that issue on November 12, 1993. The docket entry on that date indicated that "P is denied pre trial interest." Counsel for plaintiff then presented an order stating that plaintiff was not entitled to an award of interest against the city. The order also stated that judgment may issue against the city for $3,085 plus costs and against Blessington for $3,085 *"plus interest"* and costs.[2] (Emphasis added.) The order was entered by the trial justice on November 29, 1993, and on the same day two judgments, also presented by plaintiff's counsel, were entered in favor of plaintiff, one against the city for "$3,085.00 plus costs in the amount of $66.00 for a total of $3,151.00," and the other against Blessington for "$3,085.00 *plus prejudgment interest in the amount of $1,974.40,* plus costs in the amount of $45.00 for a total of $5,104.00, plus statutory interest." (Emphasis added.) The defendants did not appeal these judgments.

In March 1994, pursuant to Rule 60 of the District Court Rules of Civil Procedure, defendants filed a motion for relief from the judgment against Blessington, arguing that the judgment and order presented by plaintiff's attorney did not conform to the decision of the trial justice on the issue of prejudgment interest. The motion was heard and granted by the trial justice on April 5, 1994, and the resulting order stated that plaintiff "is denied pre-trial interest" against both defendants. The plaintiff filed a timely appeal of that order to the Superior Court and moved for summary judgment. That motion was granted by the Superior Court, which ordered that judgment against Blessington would enter in the amount of $3,085 plus costs and prejudgment interest. The defendants timely appealed to this Court.

■ On appeal, defendants argued first that plaintiff's appeal to the Superior Court from the granting of the motion to vacate was not timely because plaintiff had failed to appeal the trial justice's oral decision of November 12, 1993, denying plaintiff prejudgment interest. In essence, defendants have argued that the November 12 decision was adverse to plaintiff and that plaintiff was required to appeal it prior to entry of judgment, which occurred on November 29, 1993. We disagree. The proper time for filing the appeal to the Superior Court under G.L.1956 § 9–12–10 was within two days (exclusive of Saturdays, Sundays and legal holidays) of *entry of judgment* on November 29, 1993, not within two days of the oral decision. *See Russell v. Kalian,* 414 A.2d 462, 464 (R.I. 1980) (appeal from Superior Court filed after oral decision but before entry of judgment not timely, although defect not fatal). In this case, however, the judgment against Blessington was in plaintiff's favor on the issue of prejudgment interest. Clearly, plaintiff was under no obligation to appeal a favorable judgment.

■ The defendants also contended that the District Court's order on the motion for relief was interlocutory in character and could not be appealed to the Superior Court. The defendants maintained that the statutory basis for appeals from District Court to Superior Court under § 9–12–10 does not provide an avenue of appeal from "interlocutory orders vacating superfluous judgments." *See also* Dist.R.Civ.P. 73. Although it is true that only final judgments may be appealed under § 9–12–10, *Burns Electronic Supply Co. v. Westmoreland,* 116 R.I. 332, 339, 356 A.2d 479, 482 (1976), this Court has previously held that a District Court order denying a motion to vacate a judgment "possesses all the attributes of finality" and is thus subject to appeal under § 9–12–10. *Murphy v. Charlie's Home Improvement Co.,* 117 R.I. 324, 325, 366 A.2d 809, 810 (1976). We are of the opinion that this reasoning applies with equal force to the District Court's granting of defendants' motion for relief, and therefore, the appeal to the Superior Court under § 9–12–10 was proper.

---

**2.** Although the record is unclear, it appears that plaintiff assumed that the November 12, 1993 decision denying prejudgment interest applied only to the city, whereas defendants assumed that it applied to both the city and Blessington.

■ In a related argument, defendants contended that plaintiff's appeal to Superior Court was improper because plaintiff had failed to obtain certification pursuant to Dist. R.Civ.P. 54(b), which applies in cases involving multiple claims or multiple parties, for the judgments entered in November 1993. According to defendants, under Rule 54(b) these judgments are still subject to revision and cannot be regarded as final for purposes of appeal. Because defendants failed to raise this issue in the Superior Court, we shall not address it. It is well settled that issues not brought to the attention of the trial justice cannot be raised for the first time on appeal. *Moran v. Rhode Island Brotherhood of Correctional Officers*, 506 A.2d 542, 545 (R.I. 1986).

■ Next, defendants argued that the Superior Court's granting of plaintiff's motion for summary judgment was improper because the Superior Court has no jurisdiction to review a single question of law. Section 9–12–10 provides, in pertinent part, that "[e]xcept as otherwise provided, in all civil cases in the district court, any party may cause such case to be removed for trial *on all questions of law and fact* to the superior court." (Emphasis added.) The defendants maintained that the Superior Court must hear de novo an appeal from District Court and cannot limit its review to a single question of law. This argument is unavailing in light of the history of this case. In their motion for relief, defendants did not seek to reopen the liability issues resolved at the November 3, 1993 hearing in the District Court. The sole issue raised by the motion for relief concerned the imposition of prejudgment interest against defendant Blessington. It is this issue of prejudgment interest that was transmitted on appeal to the Superior Court, and the parties were free to argue all questions of law and fact pertaining to it. If defendants believed that this question raised genuine issues of material fact, they could have opposed the summary-judgment motion on that basis. This they failed to do.

■ Finally, defendants argued that the Superior Court erred in adding prejudgment interest to plaintiff's damages against Blessington. According to defendants, because the city is not liable for prejudgment interest, *see Andrade v. State*, 448 A.2d 1293 (R.I.1982), Blessington likewise is not liable for such interest. In support of this position, defendants cited G.L.1956 § 10–6–2, the last sentence of which provides that "a master and servant or principal and agent shall be considered a single tortfeasor." The General Assembly added this sentence to § 10–6–2 in 1970, apparently in response to this Court's decision in *Smith v. Raparot*, 101 R.I. 565, 225 A.2d 666 (1967), in which we held that the release of a servant from liability did not release the master from liability under the Uniform Contribution among Tortfeasors Act. In respect to the instant case, we are of the opinion that the General Assembly did not intend the 1970 amendment (P.L.1970, ch. 313, § 1) of § 10–6–2 to extend sovereign immunity to government employees. Rather, we conclude that the purpose and effect of this amendment were to unify master and servant or principal and agent for purposes of assigning liability, so that a release of the servant or agent from liability for tortious conduct would serve to release the master or principal whose liability was only derivative, but not to extend to the tortfeasor any special immunity enjoyed by the master or principal. Consequently, the exemption from prejudgment interest for municipalities that we recognized in *Andrade* and that derived from the residual sovereign immunity that survived the limited waiver of such immunity established by the Governmental Tort Liability Act, G.L 1956 §§ 9–31–2 and 9–31–3, does not extend to government employees who are liable in tort.

Moreover, on nearly identical facts this Court has previously held, in an unpublished order issued after a show-cause hearing, that "[t]he trial justice erred in applying the $50,-000 recovery limit to the liability of the individual police officer because *the individual's liability for his own tortious action was not controlled by the limit of liability of the municipality*." *Hudson v. Napolitano*, No. 86–291–A. (R.I., filed May 20, 1987, and appended hereto). (Emphasis added.) We believe that this result must also obtain in the present case and that Blessington is not

relieved of liability for prejudgment interest by virtue of the city's immunity from such interest under *Andrade.*

Consequently, we deny and dismiss this appeal, affirm the judgment appealed from, and remand the papers in the case to the Superior Court.

WEISBERGER, C.J., did not participate.