Joan MATARESE

v.

Victor F. DUNHAM and the City of Providence.

No. 95–741–Appeal.

Supreme Court of Rhode Island.

Oct. 31, 1997.

James A. Bigos; Scott Partington, Pawtucket.

Richard G. Riendeau, Providence, David A. Salvatore, Norwood, MA.

## ORDER

This case came before a hearing panel of this court October 21, 1997, pursuant to an order which had granted the plaintiff's motion to reargue solely on the question of the addition of interest to a judgment rendered against Victor F. Dunham (Dunham). We had earlier affirmed the judgment of the Superior Court which had excluded interest against the City of Providence as a result of an automobile accident in which the plaintiff Joan A. Matarese and Dunham were involved in June 1992. Both defendants conceded liability. A jury awarded the plaintiff damages in the amount of $23,200. The clerk then added prejudgment interest and the defendants moved to strike the award of such interest. The trial justice granted the motion and the plaintiff appealed to this court. We affirmed in a per curiam opinion. *Matarese v. Dunham et al.,* 689 A.2d 1057 (R.I. 1997). However, the sole issue presented to us was whether prejudgment interest could be added in respect to the City of Providence and we determined that it could not in accordance with *Andrade v. State,* 448 A.2d 1293 (R.I.1982). We did not consider the issue of whether prejudgment interest could be added against the individual defendant, Victor F. Dunham. After hearing the parties' reargument, we are of the opinion that this issue can be summarily decided at this time.

We have held in *Pridemore v. Napolitano,* 689 A.2d 1053, 1056–57 (R.I.1997) that prejudgment interest against an individual city employee may be awarded even though the city is not liable for such an award of interest. All parties agree and we concur that the issue of interest being awarded against the individual defendant was never separately considered either by the trial justice or by us on the initial appeal. Neither the trial justice nor we purported to have distinguished between the two defendants. It appears that the trial justice was of the opinion that the individual as an agent of the munici-

pality was also covered by the Tort Claims Act. She did not have the benefit of our decision in *Pridemore.*

Our review of the record indicates that the plaintiff did not waive her claim against the individual defendant for prejudgment interest. Consequently, since *Pridemore* is controlling, we are of the opinion that she is entitled to an award of interest against Dunham.

For the reasons stated, we modify the judgment of the Superior Court and remand the case to that court with directions to award interest in favor of the plaintiff against defendant Dunham in accordance with our opinion in *Pridemore.*

FLANDERS and GOLDBERG, JJ., did not participate.