DECISION
Before this Court is the plaintiffs' motion for reconsideration of its motion for partial summary judgment heard before this Court on April 30, 1996.
 Facts/Travel
This matter stems from an incident that occurred on January 1, 1993 where early in the evening Eugene Janarelli was struck over the head with a bottle at a nightclub. Later that night, he began experiencing head pain, and his girlfriend Denise Laurens contacted 911 Emergency Service on his behalf. Defendants Robert Noury and Steven Ouellette, EMTs for the City of Central Falls responded, but Mr. Janarelli was not taken to the hospital. The next day Ms. Laurens found Mr. Janarelli having a seizure, and was then transported to the hospital where he died one year later
The plaintiffs contend that the defendants were negligent in not transporting Mr. Janarelli to the hospital. The defendants aver that Mr. Janarelli refused to be taken to the hospital and rejected further medical treatment.
On April 30, this matter was heard regarding plaintiffs' motion for partial summary judgment seeking dismissal of the defendants' affirmative defenses numbers one (public duty doctrine), two, (statutory cap pursuant to G.L. §§ 9-31-2 and9-31-3) and three (plaintiffs' damages limited to the cap).
After oral argument, the Court denied the plaintiffs' motion to dismiss the defendant's affirmative defenses and granted the defendants' cross-motion to apply the statutory cap on damages. In its reasoning, this Court recognized that damages relative to a government entity are capped at $100,000.00 pursuant to G.L. § 9-31-3. However, the transcript of the decision does not specifically address the issue of whether the cap should be applied to the defendant EMTs in their individual capacities, yet the order is written so as to apply to all defendants.
The plaintiffs now move the Court to rehear the matter due to new evidence with respect to the municipality, and new case law with regard to the defendant EMTs.
 Analysis
A motion to vacate judgment is governed by Rule 60(b) of the Superior Court Rules of Civil Procedure which states that the Court may relieve a party from a final judgment, order, or proceeding, on the grounds of (1) mistake, inadvertence or surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The burden of proof is on the party moving to vacate judgment. McDermott v. Terrault, 659 A.2d 119 (R.I. 1995);Iddings v. McBurney, 657 A.2d 550 (R.I. 1995).
 New Case Law
The plaintiffs first assert that there are two new recent cases that should alter the prior ruling of this Court with regard to the defendant EMTs. Specifically, the plaintiffs assert that the case of Pridemore v. Napolitano held that only the City and not the employee should be shielded from the imposition of prejudgment interest. 689 A.2d 1053 (R.I. 1997) The plaintiffs argue that the same reasoning should apply to the matter at bar and the defendant EMTs should not be protected by the statutory cap. In support of their argument, the plaintiffs point out the specific language referred to by the Court from an unpublished order in the case of Hudson v. Napolitano, No. 86-291-A.
The defendants aver that the Pridemore case does not apply to the instant matter because the defendants, Noury and Ouellette, in this case were acting in their official capacity as agents, servants, or employees of the City of Central Falls and are thus entitled to the statutory cap.
The case of Pridemore v. Napolitano upon which the plaintiffs rely, sterns from an incident involving a plaintiff who was a passenger in a car which was struck by a Providence police officer on his way to work. Id. The municipality was shielded from prejudgment interest while the police officer was not. The defendant in that case argued that because under G.L. §10-6-2 the City and the employee shall be considered a single tortfeasor, the employee should not be liable for prejudgment interest. The Court reasoned that the exemption from prejudgment interest arising from sovereign immunity was created to unify master and servant for purposes of liability but not to extend any special immunity to the employee. Prejudgment interest was applied to the employee but not the municipality.
A close reading of the Pridemore case reveals that its holding is limited to prejudgment interest which is treated as a special exception that applies to municipalities only.[1] This special exception as provided by statute is specifically limited to a municipality and is invoked only after a finding of liability. As such, the result in Pridemore with regard to prejudgment interest will be appropriately applied if and after a finding of liability has been determined in the instant matter.
However, in support of its holding, the Court referred to an unpublished order in the case of Hudson v. Napolitano which revealed that the application of the statutory cap on damages was limited only to the municipality and not to the police officer in his individual capacity C.A. No. 86-291-A. The order was issued on appeal from a Superior Court decision applying the damages limitation to the action against the police officer notwithstanding a finding by the trial court that the officer was operating the vehicle within the scope of his employment. SeeHudson v. Napolitano, Order of Judgment, C.A. No. 81-365. Specifically, the language relied on by the Rhode Island Supreme Court in its order stated:
 "[O]n nearly identical facts, this Court has previously held, in an unpublished order issued after a show-cause hearing, that `[t]he trial justice erred in applying the $50,000 recovery limit to the liability of the individual police officer because the individual's liability for his own tortious action was not controlled by the limit of liability of the municipality.'" Pridemore,
689 A.2d at 1056.
The Supreme Court's citing and reliance upon the order implicitly concludes that the order and its holding are binding. "It is an axiomatic principle of our judicial system that a Supreme Court decision is binding upon all other tribunals."Lancellotti v. Lancellotti, 543 A.2d 680, 682 (R.I. 1988). "A trial justice may not ignore our previous rulings." Id.
As a result, this Court has revisited the matter and seeks to clarify its previous ruling with regard to the application of statutory cap on damages to the EMTs. In light of the Pridemore
case and its reliance on Hudson v. Napolitano, this Court finds that the statutory cap on damages pursuant to G.L. § 9-31-3
shall apply to the municipality, the Town of Central Falls, but shall not extend to the defendant EMTs.
Next, the plaintiffs argue that the recent case of O'Gara v.Ferrante supports their contention excluding immunity because it demonstrates that ambulance activity is an activity that is normally performed by private individuals. 690 A.2d 1354 (R.I. 1997). The defendants contend that O'Gara is a public duty doctrine case that is inapplicable to the issue of a statutory cap on damages
The case of O'Gara v. Ferrante involves the liability of a property owner for failure to trim hedges blocking the view of an intersection. Id. The Court held that the activity of trimming a shrub is one in which private persons normally engage. A thorough review of this case by the Court fails to reveal how the Court's holding regarding the activity of trimming a shrub imparts any applicability on the activity or the case at issue. The principles cited in the O'Gara case regarding the standard applied to public duty activities are the same standards considered in this Court's previous determination when summary judgment was denied. As such the plaintiffs' assertion is insufficient under the standard set forth in 60(b) for vacating the denial of summary judgment with regard to the defense of the public duty doctrine
Lastly, the plaintiffs contend that cases involving the public duty doctrine are generally inappropriate for summary judgment. The plaintiffs rely on the case of Haley v. Town ofLincoln in support of their contention which held that the pleadings in public duty doctrine cases rarely provide a sufficient basis for a judgment on the merits. 611 A.2d 845, 849 (R.I. 1992)
In that case, the Court's analysis was limited to the dismissal of a claim on a Rule 12(c) motion on the pleadings. Id.
The Court held that due to the fact-intensive exceptions to the public duty doctrine, evidence outside the pleadings would normally have to be introduced, and thus 12(c) and 12(b)(6) motions were generally inappropriate. Id.
In the present matter, partial summary judgment pursuant to a Rule 56 motion was denied on the issue of the application of the public duty doctrine, as indicated in this Court's previous decision of April 30, 1996. This matter was not considered in accordance with a 12(c) or 12(b)(6) motion. As a result, the plaintiffs' assertion that the holding in Haley impacts this Court's previous decision is without merit. Rather, the case relied upon by the plaintiffs further supports this Court's previous ruling that summary judgment can be properly considered in public duty doctrine cases. Id. at 850 (holding that public duty doctrine cases can be considered pursuant to Rule 56 motions for summary judgment).
 New Evidence
The plaintiffs contend that there is new evidence disclosed in the deposition taken on February 18, 1997 of John Vernancio, Chief Operation Officer of New England Ambulance that the defendant EMTs used a private EMT service. As a result, the plaintiffs argue that the testimony shows that EMT practice is a private sector activity and as a result, the municipality should not be protected by the public duty doctrine. Consequently, the plaintiffs argue that there should be no cap on damages with regard to the municipality.
The defendants allege that the plaintiffs have confused the public duty doctrine with the statutory cap on damages standard. The defendants aver that the distinction between proprietary and government functions as a determinative factor is preserved under G.L. § 9-31-3.
A motion to vacate on the grounds of newly discovered evidence, should not be granted "unless the newly discovered evidence is of such a material and controlling nature that it would probably change the outcome of the case and unless it was not by the exercise of ordinary diligence discoverable in time to be presented at the original hearing." Corrente v. Town ofCoventry, 352 A.2d 654, 655 (1976).
In its order of April 30, 1996, this Court previously determined that the providing of emergency ambulance services did not constitute a proprietary function and thus, the statutory cap on damages should apply to the municipality. Section 9-31-3
expressly preserves this distinction between proprietary and governmental functions in its application of the statutory cap on damages.
A review of the newly submitted evidence by the plaintiffs consisting of a statement signed by the defendant EMTs, portions of a deposition of John Vernancio, and the licensing requirements for emergency medical providers does not reveal sufficient grounds to warrant this Court's vacating of its previous decision. There is no evidence to indicate that the plaintiffs did not have access to this information prior to the rendering of this Court's previous decision or that it could not be discovered through due diligence. See Gray v. Stillman White Co.,522 A.2d 737, 741 (R.I. 1987). Moreover, the evidence presented by the plaintiffs is not of such a controlling and material nature that it would control the outcome of the case The testimony in the deposition, the statement by the defendants, and the Rhode Island licensing requirements presented by the plaintiffs constitute cumulative evidence in support of the plaintiffs' previous assertion that the defendant's EMT practice is a private sector activity.
As a result, this Court finds that the evidence presented does not constitute a basis for vacating its previous decision.
For the foregoing reasons, the plaintiffs' motion is granted in part regarding the application of the statutory cap on damages to the defendant EMTs and denied as to the remainder of plaintiffs' arguments regarding newly discovered evidence, the defense of the public duty doctrine, and the propriety of summary judgment.
Counsel shall prepare an appropriate order for entry in accordance with this decision.
[1] Compare Materese v. Dunham, issued on the same day asPridemore v. Napolitano, wherein the Court held that because the employee was acting in his official capacity responsible for the maintenance and operation of government buildings, the claim against the city was covered by G.L. § 9-31-3. However, the Court refrained from considering the correctness of a Superior Court's exclusion of prejudgment interest applied to a city employee, and only addressed the application of prejudgment interest against the city. 689 A.2d 1057, 1058 (R.I. 1997).