## HORNER MILLWORKS CORP.

v.

## PINNACLE HOMES, LTD., et al.

### No. 97–576–Appeal.

Supreme Court of Rhode Island.

Jan. 7, 1999.

Robert H. Humphrey, Tiverton.

Robert Brierly, pro se.

### ORDER

This case came before the Court for oral argument on December 15, 1998, pursuant to an order directing the parties to show cause why the plaintiff's appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and hearing the oral arguments of counsel, we are of the opinion that cause has not been shown and that the issues raised by this appeal will be summarily decided at this time.

The pertinent facts are as follows. On April 1, 1991, defendant Pinnace Homes, Ltd. (Pinnacle) entered into a contract with plaintiff Horner Millwork Corporation extending Pinnacle credit on a book account to purchase construction materials. The contract was signed for Pinnacle by its president, defendant Robert E. Brierly. The relevant portion of the contract provided that "[i]n the case of a corporation, one one [sic] or more officers must guarantee individually the payment in full of any and all sums due by the within entitled corporation to Horner Millwork Corp." Additionally, Brierly signed directly above a preprinted representation that "I hereby personally guarantee this account."

The plaintiff commenced suit in the Superior Court for the County of Newport on June 12, 1997, seeking $94,045.43 in damages plus interest, costs, and attorney's fees, alleging that defendants Pinnacle and Robert E. Brierly, as personal guarantor of the contract, failed to pay as required by the contract. Defendant Brierly filed a pro se answer on behalf of himself and Pinnacle. The plaintiff thereafter filed a motion for summary judgment on July 31, 1997. Accompa-

nying the motion for summary judgment was an affidavit from Joyce Soares, Horner's credit manager, stating that Pinnacle owed Horner $75,765.82. The motion also contained an affidavit from attorney Robert H. Humphrey setting attorney's fees at $8,435.50, along with an affidavit from attorney Kenneth R. Tremblay endorsing the fees as reasonable. Defendant Brierly filed nothing in response.

The trial court heard the motion for summary judgment on October 6, 1997. At the hearing, the trial justice and Brierly entered into the following colloquy:

The Court: Do you have anything to say?

Mr. Brierly: Just personal guarantee.

The Court: You didn't have anything you wish to say in opposition to the motion?

Mr. Brierly: No.

Brierly otherwise offered no defense to the motion. Thereafter, the trial court granted the motion for summary judgment against Pinnacle and Brierly jointly and severally for $75,765.82 plus interest due on the book account and $8,435.50 for attorney's fees.

Brierly filed a pro se appeal on October 23, 1997, alleging that: 1) the case was heard in the wrong court; 2) the trial justice erred when she found Brierly personally liable; and 3) the figures for the book account and the attorney's fees were incorrect. We shall consider these claims seriatim.

First, defendant Brierly argues that the case should have been heard in Providence County rather than Newport County, essentially making an improper venue claim.

"[T]he defense of improper venue * * * must be asserted in either a responsive pleading or by motion as provided for in Rule 12(b), and that consequently a party is deemed to have waived the defense of improper venue under the provisions of Rule 12(h) unless he has raised such defense by motion or by answer." *Placido v. Mello*, 492 A.2d 1226, 1227 (R.I.1985).

Because Brierly failed to raise this defense by motion or answer, the defense is deemed waived and shall not be considered on appeal.

Second, Brierly claims the trial court erred in holding him personally liable for the debts

of Pinnacle. Although he briefly mentioned personal liability to the trial court, Brierly never contested his liability or detailed why he should not be personally liable. "It is well settled that issues not brought to the attention of the trial justice cannot be raised for the first time on appeal." *Pridemore v. Napolitano*, 689 A.2d 1053, 1056 (R.I.1997). Moreover, sufficient evidence was presented to the trial court to support its finding that Brierly was personally liable. The contract which Brierly signed provided that "[i]n the case of a corporation, one one [sic] or more officers must guarantee individually the payment in full" of the debts of the corporation and Brierly signed the contract directly above an assurance that "I hereby personally guarantee this account."

Third, Brierly asserts that the amounts owed on the book account and for attorney's fees are incorrect. The trial court was presented with itemizations of both the book account and attorney's fees along with affidavits vouching for their correctness, while Brierly remained silent on the issue, presenting nothing to contradict the plaintiff's figures. As such, we shall not address this issue on appeal. *See Pridemore*, 689 A.2d at 1056.

For the reasons stated, the defendant Brierly's appeal is denied and dismissed and the judgment of the Superior Court is affirmed.